UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

STEVEN ANTHONY FORD,

    Petitioner,

v.                                                No. 16 CV 1181 JAP/KBM
                                                     No. 08 CR 229 JAP

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

Petitioner Steven Anthony Ford (Petitioner) asks the Court to vacate his sentence and resentence him without enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C § 924(e)(2)(B). *See* DEFENDANT FORD'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 1) (Motion). The United States concedes that Petitioner is no longer an armed career criminal and does not oppose resentencing. *See* UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255/MEMORANDUM REGARDING TIMELINESS (Doc. No. 12). The Court will grant the Motion.

Petitioner was convicted of three firearms charges in 2009: being a felon in possession of firearms and ammunition, under 18 U.S.C. § 922(g)(1), being a fugitive in possession of firearms and ammunition, under 18 U.S.C. § 922(g)(2), and possession of stolen firearms, under 18 U.S.C. § 922(j). *United States v. Ford*, 613 F.3d 1263, 1265 (10th Cir. 2010). He was sentenced under the ACCA due to three prior convictions for violent felonies. *Id.* at 1265–66, 1270. The Tenth Circuit Court of Appeals affirmed Petitioner's convictions and sentence, but held that one

1

of Petitioner's prior felonies, the Kansas conviction for criminal discharge of a firearm at an occupied building or vehicle, qualified as a violent felony only under the residual clause of the ACCA. *Id.* at 1271–73. The Supreme Court has since held the residual clause unconstitutional. *See Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015). *Johnson* is retroactively applicable on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016). The Court therefore concludes that Petitioner no longer qualifies for sentencing under the ACCA.

But even without the ACCA enhancement, Petitioner's criminal history and offense characteristics would still result in an enhanced Sentencing Guidelines range. *See* U.S.S.G. §§ 2K2.1(a)–(b), 3A1.2(c)(1). At his original sentencing, Petitioner's base offense level was calculated at 24 based on two prior felony convictions for crimes of violence: a Kansas conviction for Conspiracy to Commit Robbery under Kan. Stat. Ann. § 21-3302, and a Missouri conviction for Robbery under Mo. Ann. Stat. § 569.020. *See* U.S.S.G. § 2K2.1(a); PRESENTENCE REPORT (PSR) at 9 (Doc. No. 4-1); Mot. at 4. This base offense level was enhanced by 14 levels, resulting in a total offense level of 38 and, in combination with Petitioner's criminal history category of VI under the ACCA, a Guidelines imprisonment range of 360 months to life. *See* PSR at 11, 24, 34.

Petitioner does not challenge the 14-level enhancement here. *See* DEFENDANT FORD'S MEMORANDUM ADDRESSING RECALCULATION OF HIS SENTENCING GUIDELINE RANGE at 4 (Doc. No. 16) (Memorandum). The parties agree that without application of the ACCA the appropriate criminal history category is V, but the parties do not agree on the base offense level for resentencing. *See Id.*; UNITED STATES' SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 at 1 (Doc. No. 17) (Supplemental Response). While Petitioner argued in his

Motion that Conspiracy to Commit Robbery is not a violent felony under the ACCA, *see* Mot. at 5–8, he is prepared to concede that both Robbery and Conspiracy to Commit Robbery remain crimes of violence under the Guidelines, *see* Memo. at 4. This would result in a base offense level of 24 and a Guidelines imprisonment range of 360 months to life, which is unchanged by the removal of the ACCA enhancement even with the lower criminal history category. *See* U.S.S.G. § 2K2.1(a)(2); Memo. at 4. But the United States interpreted Petitioner's Motion to contend that the Conspiracy to Commit Robbery charge was not a crime of violence under either the Guidelines or the ACCA, and it agrees with that position. *See* Supp. Resp. at 1. The United States therefore calculates Petitioner's base offense level at 20 due to only one prior conviction for a crime of violence, the Robbery, and reaches a total offense level of 34 and a new Guidelines imprisonment range of 235–293 months. *Id.* at 1–2; *See* U.S.S.G. § 2K2.1(a)(4).

Sentencing Guideline § 2K2.1(a) incorporates the definition of "crime of violence" found in U.S.S.G. § 4B1.2(a). *See* U.S.S.G. § 2K2.1(a)(2) cmt. n.1. At the time of Petitioner's offense, that definition included any felony that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S.S.G. § 4B1.2(a) (2008) (emphasis added). The Tenth Circuit Court of Appeals has held that this italicized part of U.S.S.G. § 4B1.2, the residual clause, is unconstitutionally vague in light of *Johnson*. *See United States v. Madrid*, 805 F.3d 1204, 1211 (10th Cir. 2015). This Court has previously determined that *Johnson* is retroactively applicable to Guidelines cases on collateral review. *See Vasquez v. United States*, No. 16-CV-678 (D.N.M. Jan. 10, 2017).

After *Johnson*, Petitioner's conviction for Conspiracy to Commit Robbery remains a "crime of violence" for Guidelines purposes only if it is an enumerated felony or if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." Conspiracy to Commit Robbery is not one of the offenses listed in § 4B1.2(a)(2), but commentary to the Guidelines clarifies that a "crime of violence" includes conspiring to commit such an offense. *See* U.S.S.G. § 4B1.2 cmt. n.1. The Guidelines' commentary further specifies that "crime of violence" also includes a list of enumerated offenses not named in § 4B1.2(a)(2) (2008), one of which is Robbery. *See* U.S.S.G. § 4B1.2 cmt. n.1 (2008). Although no longer binding on the courts, "[c]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *United States v. Smith*, 433 F.3d 714, 716 (10th Cir. 2006) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)). The Court therefore concludes that Petitioner's conviction for Conspiracy to Commit Robbery is a crime of violence. *Accord United States v. Scharschell*, No. 15-3890, ___ F. App'x ___, 2016 WL 6936581, *3 (8th Cir. Nov. 28, 2016). Petitioner accordingly has at least two prior convictions for crimes of violence, resulting in a base offense level of 24 and a Guidelines range of 360 months to life. *See* U.S.S.G. § 2K2.1(a)(2).

But because one of Petitioner's prior convictions no longer qualifies as a predicate felony for ACCA enhancement, the statutory maximum sentence for his current convictions is ten years for each offense. *See* 18 U.S.C § 924(a)(2); § 924(e)(2)(B). Although convicted on three charges, Petitioner argues, and the United States agrees, that the maximum term of imprisonment to which Petitioner may be resentenced is twenty years. *See* DEFENDANT FORD'S MEMORANDUM ADDRESSING RECALCULATION OF HIS SENTENCING GUIDELINE

RANGE (Doc. No. 16); UNITED STATES' SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 17).

Petitioner was convicted under 18 U.S.C. §§ 922(g)(1), (g)(2), and (j). *Ford*, 613 F.3d at 1265. But he should properly have been convicted for only one of the § 922(g) offenses, because each count charged the same conduct under a different § 922(g) category of persons prohibited from possessing firearms. *See United States v. Johnson*, 130 F.3d 1420, 1425–26 (10th Cir. 1997) (defendant convicted under two categories of § 922(g) for possessing one firearm is entitled to have one of the convictions vacated). Unlike the defendant in *Johnson*, Petitioner was charged with the possession of two different firearms. *See* SUPERSEDING INDICTMENT (Doc. No. 40), *United States v. Ford*, No. 08-CR-229 JAP (D.N.M. Sept. 30, 2009). When multiple weapons are seized from different locations, a separate violation of § 922(g) may be charged based on each firearm. *United States v. Hutching*, 75 F.3d 1453, 1460 (10th Cir. 1996). But the "simultaneous possession of multiple firearms generally constitutes only one offense unless there is evidence that the weapons were stored in different places or acquired at different times." *Id.* (internal ellipsis and quotation marks omitted). Here, the two weapons were not charged separately, but were both included in the conduct that was identically described as the basis for both of the offenses. *See* SUPERSEDING INDICTMENT (Doc. No. 40). The Court therefore concludes that Petitioner can be sentenced for only one § 922(g) offense, so is subject to a statutory maximum sentence of twenty years, or 240 months. Because his current sentence of 360 months imprisonment is greater than this, *see* JUDGMENT (Doc. No. 133), Petitioner will be resentenced.

IT IS THEREFORE ORDERED that Petitioner's MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 (Doc. No. 4) is GRANTED. Petitioner's sentence will be vacated and a resentencing hearing will be scheduled.

_____
SENIOR UNITED STATES DISTRICT JUDGE